**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ZHENHONG QI, | No. 12-73773 |
| Petitioner, | Agency No. A099-402-302 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014**

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Zhenhong Qi, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that the harm Qi experienced in China, even considered cumulatively, did not rise to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder could have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original).  In addition, the record does not compel the conclusion that Qi demonstrated a well-founded fear of persecution.  *See Gu*, 454 F.3d at 1022.  We reject Qi's contentions that the BIA ignored and improperly considered evidence.  Accordingly, Qi's asylum claim fails.

Because Qi failed to meet his burden for asylum, it necessarily follows that he did not meet the more stringent standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

Finally, we lack jurisdiction to consider Qi's CAT claim because he failed to meaningfully challenge the denial of his CAT claim to the BIA.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (claim raised in notice of

appeal but not pursued in the later-filed brief to the BIA is not properly exhausted).

We reject Qi's contention that the BIA erred in treating his CAT claim as waived.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**